NAME: John Good
CDC NO.: T-82633
CELL NO.: E-1-88

Plaintiff In Pro Se

pro se
RECEIVED
JUL - 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 09 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court For
Northern District
(Insert Court Name And District)

In the matter of

John Good,
Plaintiff,

vs.
C/o Borroso / RN Mike Barker
MD Robert Bowman,
Defendants.
Calif Dept of Corrections

CASE NO.: C08-3285 PJH

EX PARTE MOTION FOR ASSIGNMENT OF COUNSEL, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION.

TO: THE ABOVE-ENTITLED COURT;

I

INTRODUCTION

1. COMES NOW, 7-5-08 John Good, plaintiff in the above-entitled matter, pursuant to 28 USC § 1915(d), and moves the Court for assignment of counsel to assist plaintiff in further litigation of this action.

2. This Motion is based upon the forthcoming facts, memorandum of points and authorities, the attached declaration of plaintiff, as well as all other papers currently on file in this matter.



4A Lib. #9

COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9a

II

STATEMENT OF FACTS

3. Plaintiff is currently incarcerated at the California Silinas Valley state Prison PO Box 1050 Soledad CA 93960 E-1-88

4. Plaintiff currently lacks any meaningful source of income to utilize in employing services of Counsel to provide experienced legal advice and skills to further the litigation of this case.

5. Plaintiff only has limited access to a law library and other materials necessary to facilitate proper legal research; the time permitted to study available legal materials is extremely limited during access periods.

6. Plaintiff is a layman at the law with little experience in the complex and confusing methods of legal research, reasoning, and writing. Plaintiff has virtually no knowledge of proper Federal Procedural Rules, Rules of Court, or Rules of Civil Procedure which are a fundamental necessity and of critical importance to proceed with important discovery and in obtaining certain types of evidence plaintiff believes defendants currently possess or have access to.

7. Plaintiff does not know what papers should now be filed or submitted to the court or defendants, to further the litigation of this case. Plaintiff has attempted to read and understand the Federal Rules of Civil Procedure, but plaintiff has been left predominantly confused regarding appropriate action at this point.

8. Plaintiff sincerely desires to pursue the above-entitled action and seek the relief requested in the original complaint

COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9b

previously filed in this matter.

9. Plaintiff has limited formal education and no education in the law. Plaintiff does not understand or comprehend complex legal reasoning, standards, or language when attempting to study case precedent, codes, statutes, and other legal publications. Plaintiff was required to enlist assistance of fellow prisoners with limited knowledge of the law, in order to prepare and file the pleadings previously filed with the court; including this current Motion For Assignment Of Counsel. The assistance of fellow prisoners is nearly non-existent due the confinement conditions of my current housing unit; in fact, it is primarily due to pre-printed forms available in the law library plaintiff was able to submit the instant Motion and other papers on file in this action.

III

REASONS THE COURT SHOULD ASSIGN COUNSEL

10. Plaintiff is unable to employ counsel; (see Forma Pauperis application on file in the above-entitled action.)

11. The issues involved in this matter are complex and it is difficult for plaintiff to understand how to further proceed to press plaintiff's claims to a final resolution.

12. The issues involved necessitate serious and complex discovery proceedings to be undertaken by plaintiff in order to prepare for further proceedings on summary judgment or preparation for trial.

13. The prison limits plaintiff's access and time with law books and other legal materials necessary to facilitate proper legal research and drafting of papers.



COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9c

14. Plaintiff has very little legal experience and knowledge of law.

15. The interests of justice and the economy of judicial resources would be best served by assignment of counsel to assist plaintiff in this action.

DATED: 7-5-08

John Good T82633
(Signature)

JOHN GOOD T82633
(Print Name)

Plaintiff In Pro-Se

///

///

///

///

///

///

///

///



COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9d

MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

Plaintiff points out there is clear statutory authority under which the District Court may appoint or assign counsel to assist pro se plaintiff in litigating this civil action.; (28 USC § 1915(d); (in relationship to 42 USC § 1983); also see Norris v. Wainwright, (1977) 588 F.2d 130, 133-134; ("fundamental fairness" is the test by which the decision to appoint assistance of counsel rests.)

Another primary consideration is the right of every litigant, rich or poor, to equal consideration before the courts; (Coppedge v. United States, (1962) 369 U.S. 438, 456.) Even without statutory authority federal courts, in a proper situation or prevailing circumstances of a case, may assign counsel to assist an indigent state prisoner plaintiff under the court's supervisory powers and sound discretion; (McNabb v. United States, (1943) 318 U.S. 332, 346-347; also see The Supervisory Power of the Federal Courts, 76 Harv. L. 1656.)

Some courts hold counsel is not necessary "unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." (Eskridge v. Rhay, (1965) 345 F.2d 778, 782; Anderson v. Heinze, (1958) 258 F.2d 479, 482, 484; Dillon v. United States, (1962) 307 F.2d 445, 447; Bounds v. Smith, (1977) 430 U.S. 817, 823-832.)

Plaintiff is well aware the United States Supreme Court and Congress have never held a civil litigant has a right to have counsel assigned for assistance in pursuing claims in the

COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9e

courts. However, the question of whether or not to assign counsel is solely within the discretion of the court and that sound discretion "requires that counsel be appointed at least in some cases." (United States v. Wilkens, (1964) 338 F.2d 404, 406; United States v. Wilkens, (1960) 281 F.2d 707, 715.)

Many entanglements and unnecessary delays and expense to the judiciary and parties may be avoided by assignment of counsel; (Taylor v. Pegelow, 335 F.2d 147, 150.) At least one District Court has viewed in the context of habeas corpus that, unless the application could be dismissed "summarily," counsel should be assigned to assist the impoverished "layman prisoner"; (Cullins v. Crouse, (1965) 348 F.2d 887, 889.)

In civil rights actions under 42 USC § 1983, to redress injuries inflicted by individuals "acting under color of state law", courts have considered assignment of counsel to be of fundamental importance where the plaintiff (prisoner civil litigant) must conduct discovery to pursue the case and the plaintiff cannot conduct the discovery himself; (Murrell v. Bennett, (1980) 615 F.2d 306, 309.) Perhaps more importantly, "summary judgment" proceedings against a prisoner plaintiff, unable to secure discovery to ward off such judgment, cannot be permitted against a layman prisoner plaintiff unaware of proper opposition to such proceedings; (Ibid, at 310-311.)

In this case, as stated in the foregoing facts and forthcoming attached declaration, plaintiff has clearly demonstrated he cannot proceed further in litigating this meritorious proceeding without assistance from someone knowledgeable in the intricacies entailed in pursuit of this



COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9f

type of proceeding.

CONCLUSION

WHEREFORE, the foregoing reasons and any others deemed appropriate by the court, plaintiff prays the court assign counsel to in further pursuit of this action.

DATED: 7-5-08.

Respectfully submitted,

John Good T82633
(Signature)

JOHN Good T82633
(Print Name)

Plaintiff In Pro-Se

COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9g

DECLARATION SUPPORTING MOTION FOR COUNSEL

I, John Good T82633, declare the following:

1. I am the plaintiff in the above-entitled action.

2. I am currently a state prison inmate with no meaningful source of income to utilize in employing assistance of counsel.

3. My personal attempts to read law books, Rules of Court and Court Procedures have resulted in utter confusion and furthered my inability to comprehend what action I should take next to further prosecute this action.

4. I have had to obtain the assistance of other prisoners, who appeared to have some knowledge of law, under very difficult and restrictive conditions to assist me in writing and filing the papers currently on file before the court.

5. Fedral civil Rights suit in United states District Court for The Northern District, U.S. Court House 450 Golden Gate Ave. San Francisco CA 94102-3483

6. ______

7. ______

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on (date) 7-5-08, at (place) Silinas valley state prison Soledad CA 93960, California.

John Good
(Signature)

Plaintiff In Pro-Se



COPIED AT STATE EXPENSE
COPIER #00417

PLEASE TAKE NOTICE THAT I JOHN GOOD will parole July 8th 2008 Any further contact will need Forwarded To As Follows

John Good
201 N YUCCA AVE Apt H-101
BARSTOW Calif 92311

PLEASE TAKE NOTE that I Am AN Indegent Inmate my Certificate of Trust Form was sent with my Court Forms

Thank you

MESS # 760 221-3136
OR 760 252 4194

7-5-08

John Good T82633
E-1-88 PO Box 1050
Soledad CA 93960

PLEASE SEND ME COURT DATE ect

Thank you


T82633
PO Box 1050
Valley State Prison
CA 93960
UNITED STATES POSTAGE
PITNEY BOWES
02 1A
$ 00.59⁰
0004397458 JUL 08 2008
MAILED FROM ZIP CODE 93960
STATE PRISON
GENERATED MAIL
Legal Mail
To
United states District Court for
Northern District/Civil Right Division
U.S. Court House
450 Golden Gate Ave
San Francisco CA
94102-3483


UNITED STATES POSTAGE
PITNEY BOWES
02 1A
$ 00.00
0004397458 JUN 20 2008
MAILED FROM ZIP CODE 93960
7/5/08