4A Lib. #9

1  NAME: John Good
2  CDC NO.: T82633
3  CELL NO.: E·1-88  PO Box 1050
   Soledad CA 93960
4
5  Plaintiff In Pro Se

FILED

JUL 0 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court for
Northern District
(Insert Court Name And District)

In the matter of
John Good
   Plaintiff,

vs.
Calif Dept of Corrections
Head Librarian / Sgt Gonzales,
   Defendants.

CASE NO.: C08-3285 PJH

EX PARTE MOTION FOR ASSIGNMENT
OF COUNSEL, AND SUPPORTING
MEMORANDUM OF POINTS AND
AUTHORITIES AND DECLARATION.

TO: THE ABOVE-ENTITLED COURT;

I

INTRODUCTION

1. COMES NOW, 7-7-08 , plaintiff in the above-entitled matter, pursuant to 28 USC § 1915(d), and moves the Court for assignment of counsel to assist plaintiff in further litigation of this action.

2. This Motion is based upon the forthcoming facts, memorandum of points and authorities, the attached declaration of plaintiff, as well as all other papers currently on file in this matter.

-1-

COPIED AT STATE EXPENSE
COPIER #00417

## II

## STATEMENT OF FACTS

3. Plaintiff is currently incarcerated at the California Silinas Valley State Prison Soledad CA 93960

4. Plaintiff currently lacks any meaningful source of income to utilize in employing services of Counsel to provide experienced legal advice and skills to further the litigation of this case.

5. Plaintiff only has limited access to a law library and other materials necessary to facilitate proper legal research; the time permitted to study available legal materials is extremely limited during access periods.

6. Plaintiff is a layman at the law with little experience in the complex and confusing methods of legal research, reasoning, and writing. Plaintiff has virtually no knowledge of proper Federal Procedural Rules, Rules of Court, or Rules of Civil Procedure which are a fundamental necessity and of critical importance to proceed with important discovery and in obtaining certain types of evidence plaintiff believes defendants currently possess or have access to.

7. Plaintiff does not know what papers should now be filed or submitted to the court or defendants, to further the litigation of this case. Plaintiff has attempted to read and understand the Federal Rules of Civil Procedure, but plaintiff has been left predominantly confused regarding appropriate action at this point.

8. Plaintiff sincerely desires to pursue the above-entitled action and seek the relief requested in the original complaint

-2-

4A Lib. #9a

COPIED AT STATE EXPENSE
COPIER #00417

previously filed in this matter.

9. Plaintiff has limited formal education and no education in the law. Plaintiff does not understand or comprehend complex legal reasoning, standards, or language when attempting to study case precedent, codes, statutes, and other legal publications. Plaintiff was required to enlist assistance of fellow prisoners with limited knowledge of the law, in order to prepare and file the pleadings previously filed with the court; including this current Motion For Assignment Of Counsel. The assistance of fellow prisoners is nearly non-existent due the confinement conditions of my current housing unit; in fact, it is primarily due to pre-printed forms available in the law library plaintiff was able to submit the instant Motion and other papers on file in this action.

III

REASONS THE COURT SHOULD ASSIGN COUNSEL

10. Plaintiff is unable to employ counsel; (see Forma Pauperis application on file in the above-entitled action.)

11. The issues involved in this matter are complex and it is difficult for plaintiff to understand how to further proceed to press plaintiff's claims to a final resolution.

12. The issues involved necessitate serious and complex discovery proceedings to be undertaken by plaintiff in order to prepare for further proceedings on summary judgment or preparation for trial.

13. The prison limits plaintiff's access and time with law books and other legal materials necessary to facilitate proper legal research and drafting of papers.

-3-

14. Plaintiff has very little legal experience and knowledge of law.

15. The interests of justice and the economy of judicial resources would be best served by assignment of counsel to assist plaintiff in this action.

DATED: 7-6-08

_John Good_ (Signature)

John Good (Print Name)

Plaintiff In Pro-Se

///
///
///
///
///
///
///
///

-4-

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

Plaintiff points out there is clear statutory authority under which the District Court may appoint or assign counsel to assist pro se plaintiff in litigating this civil action.; (<u>28 USC § 1915(d)</u>; (in relationship to <u>42 USC § 1983</u>); also see <u>Norris v. Wainwright</u>, (1977) 588 F.2d 130, 133-134; ("fundamental fairness" is the test by which the decision to appoint assistance of counsel rests.)

Another primary consideration is the right of every litigant, rich or poor, to equal consideration before the courts; (<u>Coppedge v. United States</u>, (1962) 369 U.S. 438, 456.) Even without statutory authority federal courts, in a proper situation or prevailing circumstances of a case, may assign counsel to assist an indigent state prisoner plaintiff under the court's supervisory powers and sound discretion; (<u>McNabb v. United States</u>, (1943) 318 U.S. 332, 346-347; also see The <u>Supervisory Power of the Federal Courts</u>, 76 Harv. L. 1656.)

Some courts hold counsel is not necessary "unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." (<u>Eskridge v. Rhay</u>, (1965) 345 F.2d 778, 782; <u>Anderson v. Heinze</u>, (1958) 258 F.2d 479, 482, 484; <u>Dillon v. United States</u>, (1962) 307 F.2d 445, 447; <u>Bounds v. Smith</u>, (1977) 430 U.S. 817, 823-832.)

Plaintiff is well aware the United States Supreme Court and Congress have never held a civil litigant has a right to have counsel assigned for assistance in pursuing claims in the

-5-

4A Lib. #9d

COPIED AT STATE EXPENSE
COPIER #00417

1  courts. However, the question of whether or not to assign
2  counsel is solely within the discretion of the court and that
3  sound discretion "requires that counsel be appointed at least in
4  some cases." (United States v. Wilkens, (1964) 338 F.2d 404,
5  406; United States v. Wilkens, (1960) 281 F.2d 707, 715.)
6      Many entanglements and unnecessary delays and expense to
7  the judiciary and parties may be avoided by assignment of
8  counsel; (Taylor v. Pegelow, 335 F.2d 147, 150.) At least one
9  District Court has viewed in the context of habeas corpus that,
10 unless the application could be dismissed "summarily," counsel
11 should be assigned to assist the impoverished "layman prisoner";
12 (Cullins v. Crouse, (1965) 348 F.2d 887, 889.)
13     In civil rights actions under 42 USC § 1983, to redress
14 injuries inflicted by individuals "acting under color of state
15 law", courts have considered assignment of counsel to be of
16 fundamental importance where the plaintiff (prisoner civil
17 litigant) must conduct discovery to pursue the case and the
18 plaintiff cannot conduct the discovery himself; (Murrell
19 v. Bennett, (1980) 615 F.2d 306, 309.) Perhaps more
20 importantly, "summary judgment" proceedings against a prisoner
21 plaintiff, unable to secure discovery to ward off such judgment,
22 cannot be permitted against a layman prisoner plaintiff unaware
23 of proper opposition to such proceedings; (Ibid, at 310-311.)
24     In this case, as stated in the foregoing facts and
25 forthcoming attached declaration, plaintiff has clearly
26 demonstrated he cannot proceed further in litigating this
27 meritorious proceeding without assistance from someone
28 knowledgeable in the intricacies entailed in pursuit of this

4A Lib. #9e

COPIED AT STATE EXPENSE
COPIER #00417

1  type of proceeding.

## CONCLUSION

WHEREFORE, the foregoing reasons and any others deemed appropriate by the court, plaintiff prays the court assign counsel to in further pursuit of this action.

DATED: 7-6-08            .          Respectfully submitted,

_____John Good_____
              (Signature)

_____John Good_____
              (Print Name)

Plaintiff In Pro-Se

-7-

4A Lib. #9F

COPIED AT STATE EXPENSE
COPIER #00417

4A Lib. #9g

DECLARATION SUPPORTING MOTION FOR COUNSEL

I, John Good, declare the following:

1. I am the plaintiff in the above-entitled action.

2. I am currently a state prison inmate with no meaningful source of income to utilize in employing assistance of counsel.

3. My personal attempts to read law books, Rules of Court and Court Procedures have resulted in utter confusion and furthered my inability to comprehend what action I should take next to further prosecute this action.

4. I have had to obtain the assistance of other prisoners, who appeared to have some knowledge of law, under very difficult and restrictive conditions to assist me in writing and filing the papers currently on file before the court.

5. Civil Right Violations First, Sixth, & Fourteenth Amendments Filed Now 7-6-08

6. Civil Rights Violation Eigth Amendment Filed 7-1-08

7. _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on (date) 7-6-08, at (place) Soledad, California.

John Good
(Signature)

Plaintiff In Pro-Se

-8-

COPIED AT STATE EXPENSE
COPIER #00417