UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLARK GOOD, | No. C 08-3285 PJH (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Correctional Officer BORROSO; RN MIKE BARKER; MD ROBERT BOWMAN; and CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

This is a civil rights case filed by a prisoner at San Quentin State Prison. He states in the complaint that he has not completed administrative exhaustion.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is required. *Porter v. Nussle*, 122 S. Ct. 983, 992 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

Nonexhaustion under § 1997e(a) is an affirmative defense – defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he or she did not exhaust administrative remedies. *Id.* If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Plaintiff states on page two of his complaint that he has not completed the administrative process. Because exhaustion must be completed *before* filing suit, not afterwards, it thus is clear that the case must be dismissed. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed if prisoner has not exhausted his or her available administrative remedies *before* filing suit, even if prisoner fully exhausts while suit is pending); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends his complaint to the court, case will be dismissed even if exhaustion is completed by time complaint is actually filed).

Plaintiff's complaint is **DISMISSED** without prejudice to filing a new case after exhausting all available administrative remedies. His motion for appointment of counsel (document number 4) is **DENIED** as moot.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 4, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\GOOD3285.DSM-EXH.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN GOOD,

        Plaintiff,

  v.

C/O BORROSO et al,

        Defendant.
        _____/

Case Number: CV08-03285 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Good T-82633
Salinas Valley State Prison
E-1-88
P.O. Box 1050
Soledad, CA 93960

Dated: August 4, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk